firmation and sending the report back for revisal or correction. "Expressio unius, exclusio alterius." There is no reason for such interlocutory appeal, and the very nature of the proceedings makes it unwise to allow it.

The appeal is dismissed, with $10 costs and disbursements to the respondents. All concur.

---

(110 App. Div. 774.)

In re LOCUST AVENUE IN VILLAGE OF PORT CHESTER.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ASSESSMENTS.

Port Chester Charter, tit. 5, § 4, relative to opening of streets, provided that on petition of a third of the property owners on the line of the proposed street the village trustees should designate an assessment district and give notice of a hearing, but should go no further if a remonstrance by a majority of those who would be assessed were presented, but if there were no remonstrance they could allow the improvement; they being required in such case to apply to the court for appointment of commissioners of estimates and assessment, and the necessary property being acquirable only by condemnation. Laws 1902, p. 589, c. 219, amended such section by adding a clause authorizing the trustees by unanimous vote to inaugurate the improvement without petition, and in case such a petition were presented to them to allow the improvement, notwithstanding a protest, and to acquire the necessary land by purchase, if they could. *Held*, that the amendment and original section were to be construed as supplementary to each other, so that the provisions for assessment apply, though an improvement is inaugurated by the trustees.

Appeal from Westchester County Court.

In the matter of opening and extending Locust avenue in the village of Port Chester. From an order denying an application to confirm the report of the commissioners of estimate and assessment, and vacating the same, on the objection of Margaret S. Theall, the respondent, the village of Port Chester appeals. Reversed.

See 87 N. Y. Supp. 798.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Jerome A. Peck, for appellant.
Ralph E. Prime, for respondent.

GAYNOR, J. The course of proceeding prescribed by section 4 of title 5 of the charter of the village of Port Chester for a street opening was that on a petition of not less than one third of the property owners on the line of the proposed street to the village trustees, they had to designate an assessment district, and then give notice of a hearing, and if a remonstrance signed by a majority of the property owners who would be assessed were presented to them they could go no further, but if there was no such remonstrance, they could allow the improvement, in which case they had to apply to court for the appointment of commissioners of estimate and assessment. The necessary property could be acquired only by condemnation proceedings.

By chapter 219, p. 589, of the Laws of 1902 this section was amended

by the addition of a clause authorizing the trustees by a unanimous vote of all of them to inaugurate the improvement without any petition, and in case such a petition were presented to them, to allow the improvement notwithstanding such remonstrance, and also to acquire the necessary lands by purchase, or, if unable to do so, by condemnation proceedings.

This report has been refused confirmation on the theory that the original section, and the said addition to it, are not to be read and construed together as one scheme, but that each constitutes a separate and independent scheme. Under this theory the entire expense of this improvement, which was inaugurated under the said amendment of 1902, would fall upon the village at large, as the said amendment provides for no local assessments.

But the statute can be subjected to no such interpretation. There is no foundation for it. The original section and the amendment have to be construed together and as supplementary to each other. The amendment does nothing but add another way of inaugurating the improvement, and authorize the acquiring of the necessary land by purchase. The provision for an assessment district, and for commissioners when necessary, and the procedure of the following sections also, apply whichever way the improvement be inaugurated, and are capable of being adjusted to suit either. There is no indication in the statute of an intention by the Legislature to depart from the method of local assessment for local improvements, which has been followed in this state from the beginning, and substitute in this village the method of casting the expense of local improvements on the community at large.

There is some claim in the brief for respondent of illegal items of expense in the report, assuming the proceedings to be legal, and of inequalities of assessments, but they are not particularly pointed out in the report, and no reason is given or authority cited. It is not for the court to be astute to detect such errors, and I find none.

The order should be reversed and the application granted.

Order reversed, with $10 costs and disbursements, and application granted, with costs. All concur.