(110 App. Div. 776.)

THEALL v. VILLAGE OF PORT CHESTER.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

JUDGMENT—PLEADINGS TO SUSTAIN.

The judgment for plaintiff in an action for specific performance of the contract of defendant village for purchase of land for opening a street cannot be sustained on the ground of neglect or refusal of defendant to levy a local assessment for the improvement; the complaint presenting no such issue, but the theory of the action being that there could be no local assessments.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 437.]

Appeal from Special Term.

Action by Margaret S. Theall against the village of Port Chester. From a judgment for plaintiff, defendant appeals. Reversed.

Suit for specific performance of a contract of purchase by the defendant of the plaintiff's land.

The trustees of the defendant had passed a resolution by a majority of all of them to open Locust avenue, and had entered into a contract of purchase of the plaintiff's land in the line thereof, all as authorized by section 4 of title 5 of the village charter.

The contract is in sum and substance that the trustees shall pay the plaintiff $1,387 "in cash" for her land; that the conveyance shall be delivered "within five days after the written request" of the trustees; that the trustees are permitted to take possession of the land whenever they see fit after they shall have made the contract for the making and grading, but in order to do so they had to give to the plaintiff a certificate of indebtedness by the village to her for the purchase price, to be by her held as a guaranty of good faith that the contract with her would be carried out, and to be surrendered up by her on the delivery of the conveyance; that she might, however, meanwhile use the said certificate of indebtedness to pay any assessment cast on her remaining lands for the improvement, on her indorsing thereon a payment equal to the amount of such assessment; that if both parties agree, the conveyance

may be delivered prior to the commencement of the said work, in which case the trustees had to give to her such a certificate of indebtedness, payable 60 days after the issuance of the warrant for the collection of the local assessments for the improvement.

The other facts are in the opinion.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Jerome A. Peck, for appellant.

Ralph E. Prime, for respondent.

GAYNOR, J. This case, following the complaint, was tried on the theory that the amendment by chapter 219, p. 589, of the Laws of 1902 to section 4 of title 5 of the charter of this village provided for a new and independent scheme in and of itself for street openings and improvements, irrespective of the rest of said section, and that as it prescribes no local assessments, the expense for improvements inaugurated under it is a charge on the village at large, and the learned court acquiesced in that construction. This we decide to be error in the Matter of Opening Locust Avenue (decided herewith), 97 N. Y. Supp. 508.

And the contract of purchase shows that this theory was an afterthought, for by its provisions local assessments were to be levied for the improvement, the assessment that would be cast against the plaintiff's remaining land was to be offset against the purchase price of her land, and she was to await the levying of the assessments before being paid. If the fund realized from the assessments should not suffice to pay her, then the village has to pay her; for one whose land is taken for a local improvement cannot be made to depend for payment on local assessments therefor alone; the state or one of its political subdivisions or municipal corporations has to be pledged to such payment. Sage v. City of Brooklyn, 89 N. Y. 189.

The judgment of specific performance, i. e., that the village accept the conveyance and pay the purchase price, cannot be sustained on the ground of neglect or refusal to cast the local assessment. The complaint presents no such issue; on the contrary, the theory of the action is that there could be no local assessments.

Judgment reversed and complaint dismissed with costs. All concur.